PHILIPS MEDICAL SYSTEMS INTERNATIONAL, B.V., et al., Plaintiffs–Appellees,

v.

Martin E. BRUETMAN, M.D., et al., Defendants–Appellants.

No. 92–1721.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 1992.

Decided Dec. 15, 1992.

212

Robert J. Rubin, Darren B. Watts (argued), Altheimer & Gray, Chicago, IL, for plaintiffs-appellees.

Paul F. Harvey, James A. McGurk (argued), Dennis A. Bell, Bell & McGurk, Chicago, IL, Howard A. Shalowitz, St. Louis, MO, Donald L. Metzger, Metzger & Associates, Chicago, IL, for defendants-appellants.

Before CUMMINGS and MANION, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Dr. Martin E. Bruetman, an Illinois citizen who lives in Chicago at times and at other times in his native Argentina, appeals a nearly $19 million default judgment levied against him and his three corporations by Judge Duff. Though the size of this default judgment is extraordinary, we affirm the district court because of Bruetman's utter disregard for such procedural niceties as showing up for depositions and obeying court orders to remain in the country. However, we instruct the district court to grant Bruetman a reprieve if he appears in this country for depositions within 30 days and cooperates fully. Otherwise, the contempt and default judgment will stand. Judge Duff will still be able to impose appropriate sanctions for the prior contempt.

I.

In October 1991 plaintiffs filed a forty-one page, nine-count amended complaint against Dr. Bruetman and his three corporations: High Tech Medical Parks Development Corporation of Illinois ("High Tech"), High Tech Medical Parks International N.V. of the Netherlands Antilles ("High Tech International"), and Alta Technologia Medica S.A. of Argentina ("Alta"). This pleading alleged that Bruetman defrauded plaintiffs—four related Netherlands companies—with respect to the financing and sale of medical equipment including Magnetic Resonance Imaging technology to South American clinics. Bruetman, it is alleged, used his corporations to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961(a), (c) and (d). Claims of fraud, breach of contract, breach of trustee obligations and breach of fiduciary duties were also alleged. Plaintiffs sought *inter alia* $7 million in actual damages as well as treble

damages under RICO § 1964(c), punitive damages of $17 million for fraud and breach of fiduciary duty, the imposition of a constructive trust with tracing, and an accounting, plus costs and attorney's fees.

A history of the proceedings in this case is necessary to show Bruetman's pattern of contempt for court orders, and to show that Judge Duff did not act precipitately in fashioning relief. In September 1991 plaintiffs requested a default judgment against High Tech International and Alta for failure to respond to the original complaint filed in July. This prompted Judge Duff to warn the defendants in a September 13 status conference that he would enter a default order if appropriate. Defendants did file appearances on September 18. Defendants' counsel then asked for additional time to obtain affidavits to support Alta's proposed motion to dismiss for lack of personal jurisdiction. Judge Duff ruled that plaintiffs could depose any individual supplying such a supporting affidavit. Bruetman filed an affidavit that he was not transacting any business for Alta anywhere in the United States and that Alta did not sell any products or perform any services here. Plaintiffs requested to depose Bruetman on the factual basis for his affidavit, and Bruetman was deposed on November 26 and 27 of 1991, when he testified that he was not representing Alta and had no authority to do so. Plaintiffs claimed that Bruetman's affidavit was false and that Alta's motion to be dismissed as a defendant contravened Rule 11 of the Federal Rules of Civil Procedure.

In January 1992 Bruetman's counsel filed a motion to withdraw. At the hearing on the motion, withdrawing counsel told the court that Bruetman would like to be heard. Because plaintiffs told Judge Duff that Bruetman was taking steps to remove his assets from the Northern District of Illinois and possibly flee the jurisdiction, they advised the court that they would present motions of *ne exeat* and pre-judgment attachment. Apparently Bruetman had put his condominium at One Magnificent Mile in Chicago up for sale for $1.2 million and had ceased paying his American lawyers. The district court granted counsel's motion to withdraw and set a status hearing for February 12 to accommodate Bruetman. However, the judge warned that if Bruetman did not attend he would be in default and plaintiffs would be permitted to reach Bruetman's property if it appeared that he was planning to leave the jurisdiction. The district court also told Bruetman's counsel on January 30 that "he better bring a lawyer with him because he is going to be deposed." (Jan. 30 tr. at 9). Bruetman did show up—without a lawyer. At that hearing Bruetman insisted that he was not intending to flee but needed more time to obtain new counsel. This request was denied, and the district judge warned Bruetman not to leave the jurisdiction until the remainder of his deposition, beginning again on February 12, was completed.

Bruetman did appear for depositions on February 12, 13 and 14. Yet Bruetman refused to produce documents or to answer certain key questions, he would not give an address at which he would receive service, and he said his wife would not receive service for him at their Chicago condominium. At the end of the day, Bruetman promised on the record to return at 10 A.M. Monday, February 17, for the rest of his deposition. He never showed up but faxed plaintiffs a letter that Monday afternoon from the offices of his lawyers in Argentina that he was not planning to attend. This confirmed a morning phone call to plaintiffs' counsel.

On February 18 plaintiffs appeared before the district judge on an emergency motion to hold Bruetman in contempt for fleeing the jurisdiction. They also sought a default judgment against him and the corporations he controlled. A new attorney for Bruetman, from St. Louis, argued against the plaintiffs' motion. The court permitted this although the St. Louis attorney was not yet prepared to make an appearance in Chicago federal courts under local rules. In any event, the district judge entered an order of contempt against Bruetman, an order for body attachment, and a default judgment against all defen-

dants.[1] This was entirely appropriate. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 318–319 (7th Cir.1986).

On February 25 plaintiffs asked to have a receiver appointed to execute documents for High Tech because Bruetman had terminated its former president. Consequently, attorney Richard S. Weinberg was appointed as receiver. At the same time the district judge refused to vacate the contempt order against Bruetman and the default judgment against all defendants. Again on March 13, the court left those orders in effect after hearing arguments. On March 26 the district court ordered High Tech's receiver to execute an assignment of the proceeds from a contract with Clinica Alemana of Chile in favor of plaintiffs, but on March 30 Bruetman obtained a prepayment of that contract for $843,-192.17, transferring it to places unknown.

Also on March 26, the district court dismissed High Tech's counterclaim for failure to prosecute and the February 18 body attachment on defendant Bruetman was withdrawn by the court *sua sponte*. Simultaneously, judgment was entered for plaintiffs against Bruetman and High Tech in the amount of $18,948,043.32, and sanctions against Bruetman were reserved dependent upon his future behavior (defendants' app. 266).

On April 13 the district court entered an order (*nunc pro tunc* to April 10) requiring Bruetman to deposit the $843,192.17 proceeds from the Clinica Alemana contract into the registry of the court, but Bruetman did not do so. Therefore, he was again held in contempt of court and the default judgment of February 18 was continued in effect. As noted, we affirm but with instructions to the district court to reconsider if Dr. Bruetman purges himself of contempt within thirty days from this date.

## II.

 Federal Rule of Civil Procedure 37(b)(2)(C) gives a federal judge authority to enter "an order * * * rendering a judgment by default against a disobedient party * * *." This Court reviews discovery sanctions for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir.1991). The party seeking reversal must show the sanction was clearly erroneous. *Profile Gear Corp. v. Foundry Allied Industries*, 937 F.2d 351, 353 (7th Cir.1991). Yet sanctions may only be imposed where a party fails to comply with a discovery order and displays wilfulness, bad faith or fault. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir.1987). Bruetman's behavior evidenced all three.

The default judgment against Bruetman and his corporations was entered on February 18, 1992, only after he refused to participate further in discovery and left the United States for Argentina in violation of the court's orders. Under the Federal Rules of Civil Procedure, the district court was permitted to impose sanctions upon Bruetman and his companies for failure to continue being deposed. A default judgment is a permissible sanction. *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781. Such a sanction is available to penalize balky litigants and to deter others who might otherwise ignore discovery orders.

Bruetman told the court on February 12 that he had no intention of fleeing its jurisdiction. Yet he did precisely that. Supposedly, Bruetman fled to Argentina to buy time to obtain new counsel. Such flouting of judicial orders is impermissible. In any event, even after Bruetman hired new counsel—the St. Louis lawyer—he still did not return to the United States. Defendants have yet to advance any proof that Bruetman had to be in Argentina at that time for other litigation. Since Bruetman did not seek a protective order, he cannot now claim that the default and contempt judgments were an abuse of discretion.

---

**1.** We need not consider the body attachment order, which was withdrawn by the district court on March 26, 1992, before this appeal was filed. As Judge Duff noted at the time, he decided to deal with Bruetman through economic sanctions rather than jail time.

Plaintiffs assertedly could not serve Bruetman in Argentina with respect to their motions for contempt and default judgment because they claim not to have known his whereabouts, and when they attempted to serve Bruetman at his Chicago residence according to his designation, he was unavailable. In addition, his St. Louis counsel had been advised that the motions for contempt and default judgments would be called up on February 18, and he was provided with an opportunity to respond at that time and indeed did so. But even then Bruetman was utterly uncooperative. Thus the default judgment was justified. *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589 (7th Cir. 1992). For the same reasons, the district court was also justified in holding Bruetman in contempt.

We note that in a related case, *Herbstein v. Bruetman, et al.* (89 Civ. 6864) (R.W.S.) (S.D.N.Y.1992), a $2,737,-924.40 default judgment was entered against Bruetman, High Tech and Alta for failure to produce affidavits and documents. That authority reinforces Judge Duff's default judgment. Defendants' motion to strike that citation as supplemental authority is denied.[2] Similarly, their objection to taking judicial notice of the *Herbstein* litigation is overruled.

Bruetman raises two other issues. The first is the appointment of a receiver for High Tech to execute necessary documents. When a receiver was appointed, Bruetman had fired its former president. Consequently, it was appropriate for the district court to appoint a receiver to execute documents on behalf of High Tech to avoid any transfer of its assets and in particular to receive the $843,192.17 proceeds of its contract with Clinica Alemana for transmittal to plaintiffs. Similarly, the judge was within his discretion on March 26, 1992, in dismissing High Tech's September 1991 counterclaim for failure to prosecute since its inception. Bruetman had gone to Argentina and has remained there since February 17, 1991, refusing to return to the Northern District of Illinois. Since there had been no prosecution of the claim, it was properly dismissed. *Lowe v. City of East Chicago,* 897 F.2d 272, 274 (7th Cir. 1990) (dismissal for failure to prosecute is appropriate where there is clear record of delay or contumacious conduct). However, High Tech may reinstitute its counterclaim if Bruetman complies with the various orders of the district court.

As Judge Duff suggested at the March 26, 1992, hearing (defendants' app. 266–267), Bruetman can cure the sanctions against him and the three corporations, and High Tech may revive its counterclaim, simply by cooperating.[3] Until he does so, no abuse of discretion has been shown which would justify upsetting the contempt and default judgments and dismissal of High Tech's counterclaim. We hold that Bruetman is free to avoid the present contempt and default judgments, as well as the dismissal of High Tech's counterclaim, by returning to the United States within thirty days from now for the continuation of his deposition and compliance with the district court's orders. See *Daniels v. Brennan,* 887 F.2d 783, 789 (7th Cir.1989). However, the district judge, of course, remains free to impose lesser sanctions for the prior contempt. With these under-

---

**2.** Defendants argue that we may not consider this judgment under Fed.R.App.P. 28(j) and Circuit Rule 28(j). It is true, as we recognized in our recent decision in *Bowman v. City of Franklin,* 980 F.2d 1104, 1107 n. 1 (7th Cir.1992), that these rules allow us to take judicial notice of supplemental legal authority only, not supplemental evidence. However, defendants ignore a longstanding rule that we will make exceptions where the new evidence is of a "proceeding[ ] in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *United States v. Hope,* 906 F.2d 254, 260–261 n. 1 (7th Cir.1990) (quoting *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364, 369 (7th Cir.1983)). Because the New York judgment is directly related, we are within our power in making note of it.

**3.** This was in accord with the procedure invoked by the same district judge in *Rose v. Franchetti,* 979 F.2d 81, 86–87 (7th Cir.1992), where we affirmed a default judgment for failure to comply with discovery requests.

standings, the orders appealed by defendants are affirmed.