**Rudolph LUCIEN, Plaintiff–Appellant,**

v.

**Clyde BREWEUR, Albert Esquivel, and Howard A. Peters III, Defendants–Appellees.**

No. 92–3144.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 30, 1993.

Decided Oct. 29, 1993.

Rudolph L. Lucien, pro se.

Kimberly W. White, Office of Atty. Gen., Civ. Appeals Div., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

POSNER, Chief Judge.

The district judge dismissed this prisoner's civil rights case against defendant Breweur with prejudice, as a sanction for the plaintiff's refusal to appear in person at the final pretrial conference. There are other issues and parties, but they are the subject of an unpublished order issued today and need not be discussed in this opinion.

The case is unusual because prisoners ordinarily cherish the opportunity to spend some time away from prison by attending a court session; indeed that opportunity is one of the incentives for the filing of prisoner suits. Rudolph Lucien, the plaintiff, refused to attend the scheduled final pretrial conference in Judge Baker's courtroom in Danville on the ground that the security measures employed by the prison for transporting prisoners to and from court, measures that include handcuffing and legcuffing, are painful. The district judge dismissed the suit on the authority of Fed.R.Civ.P. 41(b), which authorizes the dismissal of a suit with prejudice for failure to prosecute the suit. Lucien argues that dismissal with prejudice was a disproportionate sanction, especially since the pretrial conference could have been conducted by telephone. C.D.Ill.R. 2.10.

■ Rule 16(a) of the Federal Rules of Civil Procedure authorizes a district judge to command the appearance of an unrepresented party at a pretrial conference, and while there is no impropriety in substituting a telephone conference call for a conference with warm bodies—Local Rule 2.10 is sensible and is not inconsistent with any national rule (if it were, it would be invalid, Fed.R.Civ.P. 83)—a judge cannot be required to make this substitution, save perhaps in extraordinary circumstances not here presented. The judge is entitled to decide that settlement negotiations and other functions of a pretrial conference are more likely to be accomplished in a particular case if counsel and any unrepresented parties are present in person. Local Rule 2.10 is permissive, not mandatory. Of course if the prison were using unnecessarily brutal methods on prisoners summoned to court, especially if it were doing this for the purpose of discouraging prisoners' access to the courts, the judge could not properly dismiss the prisoner's suit because of his failure to attend in person. But Lucien, while complaining about being shackled, does not contend that the measures used on him are any different from those used on any prisoner who is transported to and from the prison for any reason, or that less painful measures would adequately protect the prison's interest in security.

■ The judge's invocation of Rule 41(b) presents a problem, however, although fortunately a superficial one. Rule 16 has its own provision on sanctions, Fed.R.Civ.P. 16(f), which incorporates by reference Fed.R.Civ.P. 37(b)(2)(B), (C), and (D), the provisions governing sanctions for disobeying discovery orders. Rule 37(b)(2)(C) authorizes dismissal as one of those sanctions, but neither mentions whether the dismissal shall be with prejudice nor specifies criteria for when to order dismissal rather than some other sanction. Judge Baker did not refer to either Rule 16 or Rule 37 but only to Rule 41(b), the general provision on dismissals for failure to prosecute; and we think the specific provision of Rule 16(f) (and hence the incorporated provisions of Rule 37(b)) should govern, rather than the general one, if it makes a difference. Note of the Advisory Committee to the 1983 Amendment of Rule 16; *Ve-*

*lazquez–Rivera v. Sea–Land Service, Inc.,* 920 F.2d 1072, 1074–75 (1st Cir.1990); cf. *Société Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958). It does not make a difference, at least in this case.

■ Dismissal without prejudice is a feeble sanction, unless the statute of limitations has run. (Although it is, nevertheless, the normal sanction for violations of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2); *United States v. Taylor,* 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *United States v. Arango,* 879 F.2d 1501, 1508 (7th Cir.1989), the public is understood to have an overriding concern with the punishment of criminals.) So one is not surprised that Rule 37(b) has been interpreted to create a presumption that a dismissal under that rule is with prejudice. *Papilsky v. Berndt,* 466 F.2d 251, 254, 256 and n. 5 (2d Cir.1972); *Stebbins v. State Farm Mutual Automobile Ins. Co.,* 413 F.2d 1100 (D.C.Cir.1969) (per curiam); *Nasser v. Isthmian Lines,* 331 F.2d 124 (2d Cir.1964). The same presumption has been held to attach to Rule 16(f) as well, when that rule is used as authority for dismissing a case, since it incorporates the provision in Rule 37(b) that authorizes the sanction of dismissal and was not intended to alter the standards governing dismissals. *Velazquez–Rivera v. Sea–Land Service, Inc., supra,* 920 F.2d at 1075 nn. 4–5; *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1518–19 (5th Cir.1985) (per curiam). It is plain, if only from Judge Baker's invocation of Rule 41(b), that he thought that Lucien's refusal to attend the final pretrial conference ought to terminate the case for all time. After all, Lucien had not merely moved for the substitution of a telephone conference for a conference in person; he had flatly refused to obey the subpoena ad testificandum that the judge had issued. This was contumacious conduct, which augured poorly for the orderly conduct of the litigation. The misfeasant, moreover, was the party himself, not any lawyer, so it is not a case of punishing the client for his lawyer's failures, an authorized form of vicarious liability but not one to be imposed lightly. *Ball v. City of Chicago,* 2 F.3d 752, 757–

59 (7th Cir.1993). Dismissal with leave to reinstate would have been no sanction unless the statute of limitations had run, in which event it would have been the equivalent of dismissal with prejudice. If dismissal was to be a meaningful sanction, it had to be dismissal with prejudice.

■ Lesser sanctions for Lucien's particular misconduct could be imagined, however, so again we ask whether the judge erred by looking at the wrong rule. He did not. The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same. *Callip v. Harris County Child Welfare Dept., supra,* 757 F.2d at 1518–19; *Velazquez–Rivera v. Sea–Land Service, Inc., supra,* 920 F.2d at 1075; *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir.1987); *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986) (per curiam). Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice. One way in which a plaintiff can fail to prosecute his case is by disobeying a discovery order and another way is by disobeying an order to attend a preconference hearing. A determination that by disobeying either type of order the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16, without reference to 41(b).

So the judge was looking at the right question and we cannot say that the answer he gave constituted an abuse of discretion— and we are certain that the result would not have been different had he referred to Rule 16(f) or Rule 37(b) rather than to Rule 41(b).

AFFIRMED.