9 F.3d 113
 27 Fed.R.Serv.3d 366
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rudolph LUCIEN, Plaintiff-Appellant,
v.
Clyde BREWEUR, Warden, Albert Esquivel, and Howard A. Peters
III, Director, Illinois Department of Corrections,
Defendants-Appellees.
 No. 92-3144.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1993.[1]
Decided Oct. 29, 1993.
 
 Before POSNER, Chief Judge, and RIPPLE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Rudolph Lucien, an inmate at Pontiac Correctional Center in Illinois, filed this pro se civil rights action (42 U.S.C. Sec. 1983), alleging that defendants violated his due process rights during a disciplinary proceeding where he was found guilty of possession of unauthorized property (boxing gloves and velcro strips), and deprived of one month of commissary privileges. Plaintiff also alleged that defendants instigated the disciplinary action in retaliation for plaintiff's litigation activities.
 
 
 2
 The district court found plaintiff failed to state facts to support a retaliation claim, and dismissed that part of the action. The court then granted defendants' motion for summary judgment in part, dismissing Peters and Esquivel as defendants. An issue related to an additional defendant is decided in a published opinion issued today in conjunction with this order, and will not be discussed here.
 
 
 3
 We review the grant of summary judgment de novo. Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir.1990). We view the record in a light most favorable to plaintiff as the non-moving party. Id. Summary judgment is proper where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 Plaintiff alleged that he was denied due process in connection with the disciplinary hearing. The due process requirement which must be followed in prison disciplinary proceedings includes ensuring that the prisoner receives (1) advance written notice of the charges; (2) the opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence; and (3) a written statement by the fact finder of the evidence relied upon and reason for its disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 562 (1974).
 
 
 5
 On June 19, 1990, plaintiff received advance written notice that he was being charged with unauthorized possession of dangerous contraband. Plaintiff was permitted the opportunity to call witnesses. Plaintiff appeared at the hearing and presented a defense. The Committee issued a written summary of the evidence it considered and its reasons for finding plaintiff not guilty of dangerous contraband, since the items seized were all things that inmates could easily obtain by mail; and for finding him guilty of unauthorized possession, since the items (boxing gloves and velcro strips) admittedly did not belong to plaintiff. This evidence supports the committee's decision that plaintiff was guilty of possession of unauthorized property. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455-56 (1985) (relevant question is whether some evidence in the record supports committee's findings). We conclude that plaintiff's due process rights were not violated. The district court properly entered summary judgment for defendants on this issue.
 
 
 6
 Defendant also contends that the district court erred in not permitting him to proceed on the claim of retaliation. The court many deny a plaintiff leave to proceed in forma pauperis if the complaint if found to be frivolous. 28 U.S.C. Sec. 1915(d). A frivolous complaint has been defined as one in which plaintiff "can make no rational argument in law or facts to support his or her claim for relief." Williams v. Faulkner, 837 F.2d 304, 306 (7th Cir.1988), aff'd sub nom, Nietzke v. Williams, 490 U.S. 319 (1989).
 
 
 7
 The complaint here contains no facts which would support the single allegation that the disciplinary proceedings "were the result of retaliation for plaintiff's litigation." Absent any factual basis, the claim was properly dismissed as frivolous.
 
 
 8
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record