Alfonso AVITIA, Artemio Villafana, Daniel P. Robert, Lisa Tape, Albert Allen, Jaime Merlo, Thomas Delany, and Parvis (a/k/a Michael) Khania, for and on behalf of themselves and a class of employees similarly situated, Plaintiffs,

v.

The METROPOLITAN CLUB OF CHICAGO, INC., a corporation wholly owned subsidiary of Club Corporation of America, Defendant.

No. 88 C 6965.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 25, 1994.

Ernest Thomas Rossiello, Rossiello & Associates, Chicago, IL, for plaintiffs.

Andrew J. Fisher, Rudnick & Wolfe, Chicago, IL, Don E. Glickman, Don E. Glickman, Ltd., Chicago, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant The Metropolitan Club of Chicago, Inc. ("Metropolitan") to strike plaintiffs' motion for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

### BACKGROUND

On August 13, 1988, plaintiffs filed a class action suit against Metropolitan under the Fair Labor Standards Act ("Act"), 29 U.S.C. § 216(b). The case was tried before a jury and the jury returned a verdict in favor of plaintiffs on April 2, 1993. As a result, the court entered judgment on the verdict in the amount of $153,656.26.

Subsequently, both parties timely filed various post-trial motions. On January 14, 1994, the court granted plaintiffs' motion for liquidated damages pursuant to the Act. The court, however, denied Metropolitan's motions for judgment as a matter of law, for a new trial, to alter judgment, and to amend judgment. The court further denied plaintiff Alfonso Avitia's motion for reinstatement or for front pay. The court's rulings on these motions were entered by the clerk's office on January 18, 1994.

On April 18, 1994, plaintiffs filed a motion for attorney's fees pursuant to 29 U.S.C. § 216(b), in the amount of $315,241.69. In response to the fee petition, Metropolitan filed the instant motion on May 6, 1994, contending that the fee petition is untimely under Federal Rule of Civil Procedure 54(d)(2) and, therefore, the petition must be stricken. The court disagrees.

### DISCUSSION

When the timeliness of a motion for fees is contested, the logical first step to resolving the matter is to determine the applicable period of time in which a motion for fees may be filed. The second step of the analysis requires the court to fix the starting point when the applicable filing period begins to commence. The third step is to identify the expiration date for filing a fee petition. Of course, the last step is to compare the

expiration date and the date of the actual filing to resolve the issue of timeliness.

■ To take these steps, the court will first examine the history of the relevant Federal Rules of Civil Procedure because 29 U.S.C. § 216(b), which allows for the award of reasonable attorney's fees, is silent on the time for filing such motions. Federal Rule of Civil Procedure 54 of the Federal Rules of Civil Procedure permits a party to file a post-trial motion for attorney fees when such fees are not an element of recoverable damages because attorney fees are considered analogous to an assessment of costs. *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 697 (7th Cir.1991). Prior to December 1, 1993, Rule 54(d) provided that:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d) (1992). This rule is also silent on the time for filing fee petitions.

The United States District Court for the Northern District of Illinois, however, adopted a local rule which fixed the time at ninety days for filing motions for fees. (*See* Rule 46 of the Rules of the United States District Court for the Northern District of Illinois ("Local Rules").) The United States Supreme Court has allowed district courts "to adopt local rules establishing standards for timely filing of requests for costs." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454, 102 S.Ct. 1162, 1168, 71 L.Ed.2d 325 (1982); *see also* Fed. R.Civ.P. 83. Prior to April 4, 1994, Local Rule 46 provided that:

> A petition for attorney's fees in a civil proceeding shall be filed within ninety days of the entry of final judgment, provided that the court upon written motion and for good cause shown may extend the time. A petition for fees shall be denied if it is not filed within the period established by this rule.

Local Rule 46 (1993). Therefore, under this Local Rule, a party has ninety days to file a Rule 54(d) motion to recover attorney's fees.

There was, however, another prevailing standard for timely motions for attorney fees at the time plaintiffs filed their motion for fees. The United States Supreme Court, by its order of April 22, 1993, prescribed various amendments to certain rules of civil procedure to take effect on December 1, 1993. One of the rules amended was Rule 54(d). Amended Rule 54(d) provides that:

> (A) Claims for attorneys' and related non-taxable expenses shall be made by motion unless a substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.
>
> (B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought.

Fed.R.Civ.P. 54(d)(2)(A), (B) (1994). The Advisory Committee commented that the purpose of limiting the time for filing fee petitions is to advance fairness to the losing party, to improve judicial economy, and to prevent stale fee petitions:

> One purpose of [Rule 54(d)(2) ] is to assure the opposing party is informed of the claim before the time for appeal has elapsed. Prior law did not prescribe any specific time limit on claims for attorneys' fees.... Prompt filing affords an opportunity for the court to resolve the fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

Fed.R.Civ.P. 54(d)(2) ADVISORY COMMITTEE NOTES 1993 AMENDMENT (citations omitted).

■ In the wake of this amendment, the United States District Court for the Northern District of Illinois amended its Local Rule 46 to be consistent with Fed.R.Civ.P. 54(d)(2). *See* Local Rule 46 (1994). But, amended Local Rule 46 did not take effect until April 4, 1994, along with other amended Local Rules. Hence, in the Northern District of Illinois, there were two competing rules governing the permissible time for filing fee petitions. Consequently, the court must answer the related issue of whether the national rule prevails over the pre-amended Local Rule 46.

Generally, local rules that are inconsistent with any national rule are invalid. Fed. R.Civ.P. 83; *Lucien v. Breweur,* 9 F.3d 26, 28 (7th Cir.1993); *Stewart v. McGinnis,* 5 F.3d 1031, 1034 (7th Cir.1993), *cert. denied,* ⸺ U.S. ⸺, 114 S.Ct. 1075, 127 L.Ed.2d 393 (1994). Accordingly, the ninety-day period previously granted under Local Rule 46 was invalidated on December 1, 1993. Therefore, in the Northern District of Illinois, prior to December 1, 1993, the applicable time limit for filing fee petitions was ninety days; however, on December 1, 1993, and thereafter, the time limit was reduced to fourteen days.

The inquiry as to the filing time governing this case does not end here, however. The United States Supreme Court's order of April 22, 1993, amending Rule 54 along with twenty-eight other civil rules, further stated:

That the ... amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 1993, and shall govern all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings in civil cases then pending.

(U.S.S.C. Order April 22, 1993 ¶ 2.) According to this paragraph, district courts must apply amended Rule 54 to cases commenced on or after December 2, 1993. As to those cases filed on or before December 1, 1993, however, the court has the discretion not to apply the amendment if the enforcement is either impracticable or will yield an unjust result. Thus, for cases that commenced before December 1, 1993, as this case did, the time periods for filing fee petitions in the

Northern District of Illinois are as follows: before December 1, 1993, the period was ninety days pursuant to the pre-amended Local Rule 46; from December 1, 1993 to April 4, 1994, the period was ninety or fourteen days depending on the discretion of the district court; and after April 4, 1994, the period is fourteen days pursuant to amended Rule 54(d)(2) and Local Rule 46. Accordingly, the time period governing plaintiffs' fee petition is controlled by the entry date of the judgment.

■ For the second part of the analysis, the court must look to Rule 54(a) to determine the entry date of the judgment from when the filing period begins to run. Rule 54(a) defines the term "judgment" as it is used in the Federal Rules of Civil Procedure. *Deimer v. Cincinnati Sub–Zero Prods., Inc.,* 990 F.2d 342, 345–46 (7th Cir.1993); *Pivot Point Intern. v. Charlene Prods.,* 816 F.Supp. 1286, 1288 (N.D.Ill.1993). Pursuant to Rule 54(a), a "judgment" is "a decree and any order from which an appeal lies." Fed. R.Civ.P. 54(a). An order of the district court becomes appealable when it is the final decision of the court terminating the lawsuit. 28 U.S.C. § 1291; *Eberhardt v. O'Malley,* 17 F.3d 1023, 1024 (7th Cir.1994). A separate document of Rule 58 judgment is not required for an order of the district court to become appealable. *Shalala v. Schaefer,* ⸺ U.S. ⸺, ⸺, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993). "[A] Rule 58 judgment is not the sine qua non of appeal." *Otis v. City of Chicago,* 29 F.3d 1159, 1165 (7th Cir.1994) (en banc).

■ In this case, the court rendered its final decision on January 14, 1994, when the court ruled on post-trial motions of plaintiffs and Metropolitan. The clerk of the court entered the final order on January 18, 1994. On March 4, 1994, plaintiffs filed a motion for an entry of Rule 58 judgment and the court granted the motion. As a result, the clerk of the court entered Rule 58 judgment on March 7, 1994. The Rule 58 judgment entered on March 7, 1994, however, is not the "judgment" as defined under Rule 54(a). It is only an evidence of finality. *Eberhardt,* 17 F.3d at 1024. Accordingly, the date of the judgment in this case for purposes of calculating the filing time of a fee petition is

January 18, 1994, the date the clerk entered the court's final decision.

■ Because the entry date of the judgment falls after December 1, 1993, but before April 4, 1994, there are two possible filing periods for a fee petition. Under amended Rule 54(d)(2), plaintiffs had until February 1, 1994, fourteen days from January 18, 1994, to file the petition. If the court exercises its discretion and abstains from enforcing the amendments to Rule 54, however, plaintiffs had until April 18, 1994, ninety days from January 18, 1994, to file their petition for fees under Local Rule 46. In this case, plaintiffs filed their fee petition on April 18, 1994.[1] Thus, if the application of Rule 54(d)(2) to the instant action is just and practicable, plaintiffs' fee petition must be stricken as untimely; if not, however, the petition was timely filed under Local Rule 46.

The court must next decide whether the application of Rule 54(d)(2) is practicable and just in this case. The court finds that application of amended Rule 54(d)(2) is practicable under the facts of this case. At the time the clerk entered the final decision in this case on January 18, 1994, Rule 54(d)(2) was in effect. However, the court finds that the enforcement of Rule 54(d)(2) to the petition pending before the court will produce unjust result. Plaintiffs initiated the action on August 13, 1988, and litigated it until March 29, 1993, when the parties tried the merits of the case before a jury. At the conclusion of the trial, the jury returned a verdict in favor of plaintiffs. Subsequently, plaintiffs successfully preserved the jury's verdict, and recovered additional damages in the form of liquidated damages. Undoubtedly, plaintiffs are the prevailing parties in this action and, thus, are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b). Application of amended Rule 54(d)(2) will bar plaintiffs from recovering any attorney's fees.

Moreover, when the clerk of the court entered the final decision of the court favoring plaintiffs on January 18, 1994, Rule 54(d)(2) was in effect for less than two months. Even the United States District Court for the Northern District of Illinois did not effectuate amended Local Rule 46 until four months later on April 4, 1994. This delay, albeit an insignificant factor, demonstrates the problem of familiarizing with and following new rules soon after their effective date.

The court is cognizant of the harsh reality that "[i]gnoring deadlines is the surest way to lose...." *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 302 (7th Cir.1994). Further, the court subscribes to the doctrine that "[o]ne who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *White v. Bentsen,* 31 F.3d 474, 476 (7th Cir.1994). But, the facts in this case do not show that plaintiffs ignored deadlines or that they devised their own schedule for filing their petition for fees. Rather, the facts demonstrate that plaintiffs followed Local Rule 46 which was the prevailing Local Rule at the time the judgment was entered, but failed to recognize the change in Rule 54(d). More importantly, the United States Supreme Court's order of April 22, 1993, provides that the court should apply the amendments only insofar as just and practicable. Absent such provision, the court would be required to strictly adhere to the fourteen day time limit for filing fee petitions.

While it is true that if the court were to allow plaintiffs' petition to stand, Metropolitan will be required to proceed with a separate appeal on the issue of attorney's fees, the court nonetheless finds such burden substantially less than the burden placed on plaintiffs if the petition is stricken. This burden is especially harsh in this case because the alleged fees incurred by plaintiffs are greater than the actual damages recovered in the action. Under these circumstances, the court finds application of amend-

---

1. The clerk's record reflects that plaintiffs' motion for attorney's fees was filed on April 22, 1994. In the Northern District of Illinois, the filing date for a motion is the same as the date the motion is presented in open court. Local Rule 12(D). If, however, a motion must be filed within a specified time limit, the filing date is "the date on which the copy of the motion was delivered to the clerk, minute clerk, or chambers...." *Id.* In this case, plaintiffs' motion was received on April 18, 1994.

ed Rule 54(d)(2) to the case *sub judice* unjust. Thus, the court instead follows the ninety-day limit provided by the pre-amended Local Rule 46 and finds that the fee petition was timely filed.

### CONCLUSION

For the foregoing reasons, the motion of Metropolitan to strike plaintiffs' motion for attorney's fees is denied.[2]

IT IS SO ORDERED.

---

**2.** Having denied the motion of Metropolitan to strike, the court will consider the merits of the fee petition and determine the amount after further briefing.