124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randy BANKS, also known as Hiram Abiff, Plaintiff-Appellant,
v.
Frank O'BANNON, Board of Corrections, H. Christian Debruyn,
John Nunn, and Bruce Lemon, Defendants-Appellees.
 No. 96-3634.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 25, 1997.*
Decided June 26, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 3:94CV504; Robert L. Miller, Jr., Judge.
 Before CUMMINGS, BAUER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pro se litigant, Randy Banks, filed the present action under 42 U.S.C. §§ 1983, 1985, and 1986 against defendants, Indiana Governor Frank O'Bannon,[1] the Board of Corrections, and several officials of the Indiana Department of Corrections including Commissioner H. Christian DeBruyn. Deputy Commissioner John Nunn, and Regional Director Bruce Lemon. Banks alleged that the defendants violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments by deliberately planning to create poor living conditions in the Indiana state prisons. Banks also alleged that the defendants conspired to retaliate against prisoners who file civil lawsuits. The district court dismissed Banks' action with prejudice for failure to comply with the district court's pretrial scheduling order. Fed.R.Civ.P. 16. Banks appeals the dismissal of his case, as well as the district court's denial of his request for appointment of counsel pursuant to 28 U.S.C. § 1915(d).
 
 
 2
 Rule 16 provides that if a party fails to obey a pretrial order, the court may sanction that party, including dismissing the action with prejudice. See Fed.R.Civ.P. 16(f); Lucien v. Breweur, 9 F.3d 26, 29 (7th Cir.1993). We review the district court's sanction against Banks for an abuse of discretion. See Lucien, 9 F.3d at 29.
 
 
 3
 After Banks' case was scheduled for a bench trial, the district court set a final pretrial schedule allowing Banks approximately four months to submit his lists of witnesses, exhibits, and contentions. Banks failed to file the requested pretrial submissions before the court-imposed deadline, and the district court granted the defendants' motion to dismiss Banks' action. Citing to one of our recent cases, the district court noted that Banks' failure to comply with the scheduling order and deadline was not excused by his pro se status. See Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996) (pro se litigants are not given the discretion to chose which of the court's orders to follow and which to disregard).
 
 
 4
 Banks contends that he failed to submit the pretrial materials because he was denied discovery. However, as his appellate brief and the record indicate, Banks had the opportunity to conduct discovery, collecting hundreds of pages of documents and listing over sixty witnesses. In addition, the district court granted Banks' first motion to compel discovery and motion for sanctions due to the defendants' failure to respond to the request for production of documents. The district court then rescheduled the deadlines, allowing Banks additional time to review the defendants' response to his requests. We conclude that Banks was given ample opportunity to conduct discovery, especially in light of the district court's finding that the majority of Banks' discovery requests were overbroad, vague, and irrelevant. Under these circumstances, we conclude that the district court did not abuse its discretion.
 
 
 5
 Banks also challenges the district court's refusal to appoint counsel under 28 U.S.C. § 1915(d). Civil litigants do not have a constitutional or statutory right to counsel. Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993), cert. denied, 510 U.S. 963. We review the denial of a request for the appointment of counsel for an abuse of discretion, reversing only in extreme cases in which "the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any sort of justice without the aid of a lawyer...." Id. Thus, our inquiry is whether the plaintiff is competent to represent himself and, if not, whether the presence of counsel would have made a difference in the outcome. Id. at 322.
 
 
 6
 From Banks' filings it is evident that he understood the nature of his action in federal court. He filed numerous discovery requests, motions to compel, and extensions to the pretrial scheduling orders. Banks' failure to respond to the last pretrial scheduling deadline does not diminish the fact that he demonstrated his capability of pursuing a lawsuit in federal court. In sum, we would be hard-pressed to conclude that it was impossible for Banks to obtain justice without counsel or that counsel would have affected the outcome. See id. at 323. Therefore, the district court's refusal to appoint an attorney per Banks' request was not an abuse of discretion.
 
 
 7
 For the foregoing reasons, the district court judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Frank O'Bannon is substituted for Evan Bayh in his official capacity as Governor of Indiana. Fed. R.App. P. 43(c)(1)