108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael MOORE, Plaintiff-Appellant,
v.
Jane DOE, John Doe, Menards Hardware Plus Store, and Rose
Romano, Defendants-Appellees.
 No. 95-3569.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1997.*
Decided March 18, 1997.
Rehearing Denied Aug. 4, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Michael Moore was convicted in Indiana state court of disorderly conduct. He did not appeal the conviction but instead filed suit pursuant to 42 U.S.C. § 1983 seeking more than ten million dollars in damages against the parties involved in the underlying incident. The district court dismissed the suit with prejudice as a sanction against Moore for willfully failing to comply with discovery orders and his discovery obligations. This court reviews discovery sanctions for abuse of discretion, Govas v. Chalmers, 965 F.2d 298, 301 (7th Cir.1992); Philips Med. Sys. Int'l., B.V. v. Bruetman, 982 F.2d 211, 214 (7th Cir.1992), and reviews the district court's factual determinations under the clear error standard. Govas, 965 F.2d at 301. For the reasons set forth below, we affirm the judgment of the district court.
 
 
 2
 Moore, a presently non-practicing lawyer admitted to the bar of Illinois in 1976, prosecuted his suit pro se. Tr. at 2-3. The district judge made it abundantly clear to Moore that, because Moore was a litigant with a law degree, he did not intend to grant him any particular leniency due to Moore's pro se status. Id. at 28-29. In any event, Moore does not allege on appeal that he should have had his behavior construed more generously, and we therefore decline to consider any implications of his pro se position.
 
 
 3
 The facts found by the district court are largely undisputed and amply supported by the record. Moore ended his first deposition abruptly by complaining of a toothache. He failed to appear for his rescheduled deposition offering as an excuse that he had not received defendants' notice in the mail. The court then ordered Moore to appear at a precisely scheduled time and place, and he arrived nearly three hours late, without notice, and offering nothing more as an excuse except that it was raining. When finally deposed, Moore was reticent and refused to answer questions concerning plainly discoverable information such as the existence of any prior convictions.
 
 
 4
 Moore also failed to respond to defendants' interrogatories and requests for production, and did not offer any explanation in support of his refusal. When ordered by Magistrate Judge Springmann to do so, "fully, in writing, and without evasion" and on express penalty of dismissal, Moore nevertheless again failed to respond. Moore contends that he was not required to comply with the court order because defendants erred in preparing the interrogatories pursuant to state discovery rules.
 
 
 5
 Violation of a court order directing discovery is a sound basis upon which a district court may impose sanctions. Fed.R.Civ.P. 37(b)(2), Brandt v. Vulcan, Inc., 30 F.3d 752, 755-56 (7th Cir.1994). This court has held that dismissal is a proper sanction when a plaintiff failed to comply with discovery orders, Newman v. Metropolitan Pier & Exposition Auth., 962 F.2d 589, 591 (7th Cir.1992), especially where the party has demonstrated wilfulness in violating the order. Philips Medical, 982 F.2d at 214, Halas v. Consumer Services, Inc., 16 F.3d 161, 164-65 (7th Cir.1994), Powers v. Chicago Transit Auth., 890 F.2d 1355, 1362 (7th Cir.1989). A noticed party's failure to satisfy discovery obligations, even without a court order, may be properly sanctioned. Fed.R.Civ.P. 37(d), Halas, 16 F.3d at 164, Govas, 965 F.2d at 301.
 
 
 6
 There is no question that Moore violated court orders directing discovery and did not meet his discovery obligations incident to prosecuting his lawsuit. Moreover, none of Moore's defenses warrant much attention. A toothache could have been endured long enough to get through the deposition, if not simply remedied for the duration by an aspirin. Moore's claim to lack of notice the second time was unsubstantiated. We agree with the district court that bad weather, particularly just rain, is "rarely an [acceptable] excuse for violating a court's discovery order" especially where, as in the case at bar, the party makes no attempt at informing anyone of the need for delay. We also agree with the district court that the defendants' error, in the interrogatories, referring to state procedural rules is an oversight too insignificant to justify disobeying a court order, especially without any effort to seek clarification or other simple remedy short of violating the court order.
 
 
 7
 All that remains to consider is whether the district court abused its discretion in dismissing Moore's suit with prejudice.[1] Though Rule 37 does not specify the dismissal it permits as either with or without prejudice, this court has held that the Rule is presumed to mean dismissal with prejudice. Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir.1993). "Dismissal without prejudice is a feeble sanction." Id. In addition, "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice. One way in which a plaintiff can fail to prosecute his case is by disobeying a discovery order." Id. at 29. Rule 41(b) is an appropriate comparison because the criteria for sanctions under Rules 37(b) and 41(b) are the same. Id. Moreover, the district court is not required to impose a lesser sanction either as a warning or as an alternative. Halas, 16 F.3d at 165.
 
 
 8
 Finally, though the wilfulness of the party's dilatory tactics is a proper consideration for the district court in determining the appropriate sanction, Rule 37 does not expressly require wilfulness in order for a sanction to be proper. Id. at 164. "The weight of authority ... holds that the culpability of a party who fails to comply with an order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." Id. (citations omitted). The sanction of dismissal is not appropriate if the noncompliance in question was occasioned by inability and not to wilfulness, bad faith or fault. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976).
 
 
 9
 We think that the repeated pattern of delay and avoidance demonstrated by Moore constitutes a sufficient basis alone from which to infer that his actions were indeed deliberate and meant to cause frustration. However, the district court relied also upon his demeanor at the final pretrial conference, the transcripts of which we have reviewed. The district court found that Moore's conduct before the court was "evasive and disingenuous" and clear evidence that his failure to properly participate in discovery was not a result of true inability or difficulty or motivated by sincere concern over the propriety of the discovery process. Our own review of the proceeding leads us to conclude that Moore was at least uncooperative, if not defiant. The abuse of discretion standard of review means that this court will not set aside the district court's order unless no reasonable person could agree with the district court's determination. 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987). Accordingly, we cannot find abuse of discretion here. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 In his appeal Moore also argues that the district court erred in denying his motion for judgment on the pleadings. This argument is completely without merit as was the motion presented to the district court. Accordingly, for the reasons stated by the district court in its order of August 25, 1995, we affirm the district court's denial of judgment on the pleadings