**Cecil James ROTH, Plaintiff–Appellant,**

v.

**GENESEO COMMUNITY UNIT SCHOOL DISTRICT NO. 228,
Defendant–Appellee.**

No. 03–1475.

United States Court of Appeals,
Seventh Circuit.

Submitted June 5, 2003.*

Decided June 6, 2003.

Rehearing and Rehearing En Banc
Denied July 11, 2003.

Before EASTERBROOK, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

Cecil Roth brought this Title VII suit against Geneseo Community Unit School District 228, alleging that the District engaged in religious discrimination when it fired him from his job as a math teacher and tennis coach. When Roth refused to participate in discovery, the district court dismissed the suit with prejudice and awarded costs to the District. *See* Fed. R.Civ.P. 37(b)(2)(C) (permitting dismissal for discovery violations), 54(d) (allowing costs to prevailing party as of course). In this appeal Roth concedes the propriety of the dismissal itself and challenges only the "with prejudice" disposition and award of costs.

Roth's concession is appropriate, because events preceding the dismissal show his pattern of noncompliance with the district court's discovery orders. When Roth—who proceeded pro se—filed several motions objecting to the District's interrogatories and requests for documents and admissions, the magistrate judge handling the motions directed that any objections to the District's discovery requests be specifically stated in discovery responses served on the District—rather than in motions filed with the court—and that Roth's responses be served by December 10, 2002. The magistrate judge also warned that he would strike any discovery motions not accompanied by an affidavit detailing the movant's good-faith efforts to resolve the dispute without court involvement. When Roth had not served his responses one

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2).

month later, the district judge issued an order reiterating that Roth should raise any objections in his responses and extending to December 26 the deadline for serving those responses. Despite these admonishments, Roth filed three more motions raising vague objections to the District's discovery requests and seeking to further extend the response deadline. None of the motions mentioned any efforts on Roth's part to resolve the dispute with the District. On the contrary, counsel for the District averred that Roth failed to return counsel's numerous telephone calls concerning the matter. Roth eventually faxed counsel a letter explaining that he had no intention of responding to the District's discovery requests as long as he had a motion to extend the response deadline pending before the court. In the letter, Roth stated that he was not obligated to return counsel's phone calls and promised to hang up if counsel called him again. On January 13, 2003, the district judge set a final deadline of January 22 for Roth to serve his discovery responses and warned that failure to do so would result in dismissal. When Roth again filed objections with the court rather than responding to the District's requests, Judge Mihm dismissed the case with prejudice on January 31, awarding costs to the District.

Contrary to Roth's contentions, both the dismissal being "with prejudice" and the imposition of costs are routine. There is a presumption that a dismissal under Rule 37 is with prejudice (otherwise it is not a "meaningful" sanction), *see Lucien v. Breweur*, 9 F.3d 26, 28–29 (7th Cir.1993), as well as a presumption under Rule 54(d) that costs will be awarded to a prevailing party, *see Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir.2000); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir.2000); *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir.1999). Roth points to nothing that makes this case unusual.

AFFIRMED.