Jeannie **NEWMAN**, Plaintiff–Appellant,

v.

**METROPOLITAN PIER & EXPOSITION AUTHORITY, et al.,**
Defendants–Appellees.

No. 91–1971.

United States Court of Appeals,
Seventh Circuit.

Submitted March 31, 1992.

Decided April 27, 1992.

Edward E. Robinson, Chicago, Ill., for plaintiff-appellant.

Gerard B. Gallagher, Robert J. Morrow, Gallagher & Joslyn, Oakbrook Terrace, Ill., Joseph M. Condron, John J. Fitzgerald, Ruben B. Shehigian, Jr., Claudia J. Sanders, John N. Dore, Sanders, Smith & Cross, Chicago, Ill., for defendant-appellee Metropolitan Pier & Exposition Authority. .

Harlene G. Matyas, Matyas & Norris, Chicago, Ill., for defendant-appellee Cahners Exposition Group.

Glenn F. Fencl, Joseph F. Spitzzeri, Cole, Grasso, Fencl & Skinner, Chicago, Ill., for defendant-appellee Kaufman Iron Works, Inc.

Harlene G. Matyas, Matyas & Norris, Chicago, Ill., Kathryn M. James, Judge & James, Park Ridge, Ill., for defendant-appellee American Hardware Mfrs. Ass'n.

Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

This is an appeal from an order dismissing a suit, with prejudice, as a sanction for the plaintiff's failure to cooperate in pretrial discovery. Fed.R.Civ.P. 37(b)(2)(C).

The complaint in this diversity tort suit, filed in August 1989, claimed that the plaintiff, a Californian, had on a business trip to Chicago been injured in a slip-and-fall accident in the McCormick Place convention center as a result of the negligence of the defendants—the operator of the convention center, the sponsor of the trade show that the plaintiff was attending, the furnisher of the display where the accident took place, and the maker of that display. Damages of $1.5 million were asked. After the defendants tried unsuccessfully to depose the plaintiff in May 1990, the district judge at their request ordered the plaintiff to appear in Chicago for her deposition by August 27. She did not appear, and the court set a new deadline of December 19, 1990. At a status hearing on October 26 the plaintiff's lawyer asked whether the deposition might be conducted by telephone, but upon the defendants' objecting the court said that that would not be acceptable. At the next status hearing, on January 4, 1991, the judge learned that the plaintiff had failed to appear for her deposition by the deadline and also had not

completed her response to the defendants' interrogatories. At this hearing the plaintiff's lawyer renewed his request that the deposition be conducted by telephone. A motion that he had filed the previous day had disclosed for the first time a reason: that his client could not afford the round trip airfare from California, although she was (despite the injury that had given rise to the suit) once again employed, and earning $1,600 a month. The judge denied the motion but with leave to reconsider should the plaintiff's lawyer submit documentation substantiating the contention that his client could not afford to come to Chicago. The judge at this hearing also set new deadlines for completion of discovery from the plaintiff, including a deadline of February 8 for the deposition, later extended to March 15. When on March 26 the plaintiff had neither appeared for her deposition nor complied with the deadlines for answering the interrogatories nor submitted documentation of her financial distress, the judge dismissed the suit.

The plaintiff argues that the record does not show that she was acting in bad faith in failing to come to Chicago to be deposed and that in any event the district judge should have explored the feasibility of a less severe sanction than dismissal with prejudice. In other words she asks us to rewrite Rule 37 so that it provides in pertinent part that if a party *willfully* fails to obey a discovery order the judge may dismiss the suit *if no lesser sanction would suffice.* There are cases that she could cite to support this recasting of the rule, notably *Trakas v. Quality Brands, Inc.,* 759 F.2d 185 (D.C.Cir.1985), a case factually much like this. A divided panel, describing dismissal as "an extremely harsh sanction" that should be limited to "egregious conduct" and is "to be applied only after less dire alternatives have been explored without success," *id.* at 186–87, reversed the district court's dismissal of a suit brought by a person who informed her lawyer the weekend before trial "that due solely to lack of funds she could not get to Washington" from her home in St. Louis. *Id.* at 187.

*Trakas* does not take seriously either the responsibility of district judges for the management of their busy calendars or the burden on defendants and their lawyers of having their schedules disrupted by plaintiffs who do not play by the rules. The cases in this circuit, at any rate, do not set up a row of artificial hoops labeled "bad faith" and "egregious conduct" and "no less severe alternative" through which a judge must jump in order to be permitted by us appellate judges to dismiss a suit. *Patterson v. Coca–Cola Bottling Co.,* 852 F.2d 280, 284–85 (7th Cir.1988) (per curiam); *Daniels v. Brennan,* 887 F.2d 783, 788–89 (7th Cir.1989); *Diehl v. H.J. Heinz Co.,* 901 F.2d 73, 74–75 (7th Cir.1990). A plaintiff's failure to comply with discovery orders is properly sanctioned by dismissal of the suit, a defendant's by entry of a default judgment. Of course the circumstances of the failure must be considered, because the judge must be guided by the norm of proportionality that guides all judicial applications of sanctions. *Mraovic v. Elgin, Joliet & Eastern Ry.,* 897 F.2d 268, 271 (7th Cir.1990); *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 232–33 (7th Cir.1990). If the failure is inadvertent, isolated, no worse than careless, and not a cause of serious inconvenience either to the adverse party or to the judge or to any third parties, dismissal (if the failure is by the plaintiff) or default (if by the defendant) would be an excessively severe sanction. *Id.* at 232; *Hays v. Sony Corp. of America,* 847 F.2d 412, 414 (7th Cir.1988). But as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with swift decision. Judge Leinenweber showed more patience than he need have done.

We can imagine a case in which an order that the plaintiff appear for his deposition in the district in which he had filed the suit would be unreasonable. Maybe he had filed there because it was the only district in which he could obtain jurisdiction over the defendant, and maybe he had been so badly injured—by the defendant—in the accident out of which the suit arose that his life would be endangered by a trip to that district. In that event a telephone inter-

**592**

view or, better, a video-recorded conference call, would be an acceptable substitute. *Ferrante v. Ferrante*, 127 Misc.2d 352, 485 N.Y.S.2d 960 (S.Ct.1985). But we do not understand Jeannie Newman to be arguing that the judge abused his discretion in refusing her request to be permitted to be deposed by telephone. Her argument is that she should have been given more time—apparently, indefinitely more time—to scrape together the fare for the trip. He gave her 10 months. He was not required to give her more.

AFFIRMED.