53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jeffrey RODGERS, Plaintiff-Appellant,
Debra HOPKINS, et al., Defendants-Appellees.
 No. 93-3416.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before CUMMINGS EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 Jeffrey Rodgers filed this suit under 42 U.S.C. Sec.1983 on December 11, 1992, and the defendants were served on March 3, 1993. The district court set a discovery cutoff for August 26, 1993. Early in July defendants served a set of interrogatories. Rodgers sought, and received, an extension of time until September 2, 1993, within which to answer the interrogatories. The district judge warned Rodgers that failure to cooperate in discovery could result in dismissal.
 
 
 2
 On September 9, 1993, after a status hearing that plaintiff, who is imprisoned, could not attend, the district court dismissed the case for want of prosecution. The court's brief order states, in full:
 
 
 3
 Plaintiff has failed to comply with discovery requests, as well as prior orders of this court. This cause is hereby dismissed for want of prosecution. All pending motions, if any, are hereby moot.
 
 
 4
 This order is problematic on multiple grounds.
 
 
 5
 Defendants did not move to compel discovery, and the court never entered an order that could serve as the basis of sanctions under Fed. R. Civ. P. 37(b)(2). Cf. Rose v. Franchetti, 979 F.2d 81 (7th Cir. 1992). The district judge apparently thought that plaintiff had failed to comply with "prior orders of this court" but did not identify them, and the docket does not suggest that there were any. The only prior noncompliance was by defendants--for their answer to the complaint, although due on March 23, 1993, was not filed until May 28. Defendants did not so much as seek an extension until April 21, a month after they were at risk of default. Yet instead of sanctioning defendants, the district judge sanctioned the plaintiff.
 
 
 6
 What is more, the district judge may well have been mistaken in thinking that the answers to the interrogatories were overdue. The district court's docket bears an entry reading: "ANSWER by plaintiff ... to defendants' first set of interrogatories (Attachments)". The docket entry was made on September 8, reflecting documents received September 3. Rodgers says that the answers had been mailed from prison in August, and he claims the benefit of the "prison mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988). Because the judge apparently was unaware of the filing, he did not discuss Houston.
 
 
 7
 Unfortunately, the record does not contain a copy of the materials received on September 3. Defendants say that they were not served. It is understandable that a pro se plaintiff would send discovery materials to the court rather than to his adversary (the proper recipient); but then one function of requiring a motion to compel before an award of discovery sanctions is to ensure that misunderstandings of this kind are cleared up.
 
 
 8
 A district court is entitled to insist that a plaintiff cooperate in discovery in his own case, and our review is deferential. Newman v. Metropolitan Pier & Exposition Authority, 962 F.2d 589 (7th Cir. 1992). Yet a court may not excuse defendants who fail to meet deadlines while scuttling the plaintiff's case for a single day's delay. Moreover, it is apparent to us that the district court acted under a misapprehension of fact about the nature of that delay--if indeed there was any. It may be necessary to inquire whether Rodgers mailed the answers when he says he did; it is certainly necessary to obtain (or reconstruct) the answers, which are missing.
 
 
 9
 The district court ignored plaintiff's request for aid in obtaining legal assistance. That request deserves full consideration on remand.
 
 VACATED AND REMANDED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record