165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Scott MC CORD. Plaintiff--Appellant,
v.
H. Christian DEBRUYN. Commissioner; Robert A. Farley; Lori
A. Ditmer; all sued in their individual and
official capacities; et al.,
Defendants--Appellees.
 No. 98-1743.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 6, 1998.*
Decided Nov. 13, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 97-CV-322. Robert L. Miller, Jr., Judge.
 Hon. THOMAS E. FAIRCHILD, Hon. WILLIAM J. BAUER, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Scott McCord brought this suit for damages and injunctive relief pro se in the district court under 42 U.S.C. § 1983. He claimed that personnel at the Indiana State Prison were deliberately indifferent to his serious medical needs and retaliated against him when he complained of improper medical treatment. The district court dismissed the case pursuant to Federal Rule of Civil Procedure 16(f) when McCord filed an inadequate pretrial status report that directly contradicted a statement in his affidavit supporting a motion for default judgment. McCord appeals the dismissal on the ground that the district court abused its discretion by dismissing the suit without first considering a less severe sanction. We affirm.
 
 
 2
 In his complaint. McCord alleges that prison staff denied his physician-ordered special meals for controlling his diabetes and high blood pressure, withheld his blood pressure medicine, and refused to help him administer his insulin shots. McCord further alleges that staff members retaliated by filing false conduct reports after he complained about his medical treatment. One of those conduct reports accuses McCord of attacking defendant Grace Johnson with an insulin syringe and scratching her finger with the needle. McCord denies scratching Nurse Johnson. Instead. McCord says Nurse Johnson was giving him his injection when he asked her to remove the syringe because the insulin accidentally became tainted with his blood. When she refused, he held the syringe and backed away from her in order to pull the needle out of his body.
 
 
 3
 McCord eventually brought the issue to the United States District Court for the Southern District of Indiana, which found the following facts. Based on Nurse Johnson's written conduct report and statements from McCord and his lay advocate, the Indiana State Prison Conduct Adjustment Board (C.A.B.) found McCord guilty of battery on a staff member and sentenced him to 24 months in disciplinary segregation. A later internal affairs investigation produced a witness. Corrections Officer Johnson, who corroborated McCord's account and maintained that he "did not see McCord strike at Nurse Johnson with the syringe or anything else." After his disciplinary hearing. McCord asked the administrative assistant to the superintendent of the Indiana State Prison to investigate Nurse Johnson's accusation, but he never received a response. Eventually McCord appealed the C.A.B. decision to the superintendent of the Indiana State Prison and then to the disciplinary review manager for adult operations. Both officials affirmed the C.A.B. even though they previously had received the internal affairs report supporting McCord's story.
 
 
 4
 McCord then petitioned for a writ of habeas corpus from the United States District Court for the Southern District of Indiana. The district court found that neither the C.A.B. nor the reviewing officials had exercised independent review of the available facts, and so it granted McCord's petition and ordered a new disciplinary hearing within 60 days. The new disciplinary hearing did not take place until almost 90 days after the district court's order. At that hearing the C.A.B. again found McCord guilty of battery. McCord alleges that he was resentenced to a 2-year suspended term in disciplinary segregation. plus a deduction of 365 days of good time, and a demotion from credit time class I to credit time class II. McCord appealed the new decision, and the review board granted his appeal.
 
 
 5
 McCord subsequently brought this suit in the United States District Court for the Northern District of Indiana seeking injunctive relief from inadequate medical care and damages for the harm he suffered from previous inadequate medical care and the sanctions imposed on him by the C.A.B. On November 10, 1997. Judge Miller ordered all parties in this case to submit pretrial status reports within 14 days and spelled out the elements he required the status reports to contain. On February 10, 1998, after McCord's second extended deadline had passed, the district court ordered McCord to show cause why the case should not be dismissed under Federal Rules of Civil Procedure 16(f) and 41(b) for failure to obey pretrial orders and failure to prosecute, respectively. On February 17, 1998. McCord submitted a status report, a motion for entry of default against the defendants, and supporting affidavits. The "status report" McCord submitted was little more than a recitation of the district court docket sheet. This recitation includes entry number 36, which reads, "Answer by defendants to complaint entered on 11/7/97." On the same day he submitted his status report McCord also submitted a "Request for Default" with an accompanying affidavit in which he avers that "[n]one of the defendants have filed or served an answer or taken other actions as may be permitted by law although more than 55 days have elapsed since the date of service."
 
 
 6
 The district court found that McCord's "status report" failed to comply with its pretrial order of November 10. Furthermore, the district court found that the status report demonstrated that McCord knew, notwithstanding his affidavit, that the defendants in fact had answered his complaint. Accordingly, on February 19, 1998, the district court dismissed the case under Rule 16(f) for McCord's failure to file a timely and adequate status report. In its order, the district court found that McCord lied to the court, and it explained that the lie largely contributed to its decision to dismiss.
 
 
 7
 In moving for reconsideration, McCord explained that he made his contradictory submissions to the court in good faith. McCord maintained that, because he did not have the benefit of counsel, he had misunderstood what was required in a status report and therefore was entitled to more lenient treatment by the court. The only legal advice he did receive, says McCord, was from prisoners who worked in the prison law library and, as far as he understood, his submission was a sufficient status report. McCord suggests, although he never admits, that the prison library law clerk prepared the status report for him and that therefore he did not know what it contained. Finally, McCord explained that he never received the defendants' answer and so he believed that they never filed one. In denying McCord's motion for reconsideration the district court reasoned that, even if McCord had not received the defendants' answer, he should have known it was filed because he listed it on his status report. The court rejected McCord's suggestion that it was insensitive to his pro se status and explained that McCord was not being held to the same standards as an attorney because "an attorney would be sanctioned and possibly disbarred for conduct such as this."
 
 
 8
 We review a district court's decision to use dismissal as a sanction for abuse of discretion. Ladien v. Astrachan, 128 F.3d 1051, 1056 (7th Cir.1997). This standard requires that we "affirm the dismissal of a case unless 'it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration" ' Id. (citation omitted). Under Ladien, "[t]he abuse of discretion standard means something more than our belief that we would have acted differently if placed in the circumstance confronting the district judge.... To disagree with the district court's decision and to find that the court abused its discretion are two different things." Id. (quotations and citations omitted). Instead, "[t]he district court's decision must strike us as fundamentally wrong for an abuse of discretion to occur ." Id. (citation omitted).
 
 
 9
 Under Rule 16(f) a district court may dismiss a case when the plaintiff fails to follow pretrial orders. See Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir.1993). Such a dismissal is one of the tools available to district courts "to achieve the orderly and expeditious disposition of cases." Williams v. Chicago Bd. of Educ., No. 98-1362, 155 F.3d 853, 1998 WL 546977,* 4 (7th Cir. Aug. 31, 1998) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)) However, because dismissal is such a harsh sanction, it should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." Dunphy v. McKee, 134 F.3d 1297, 1299 (7th Cir.1998) (citations omitted). The district court's finding that McCord lied to the court is a finding of fact reviewed under the "clear error" standard. See Moriarty v. Glueckert Funeral Home, Ltd., No. 98-2131, 155 F.3d 859, 1998 WL 557577,* 4 (7th Cir. Sept. 2, 1998).
 
 
 10
 We agree that McCord must have known that he submitted a false affidavit with his request for a default judgment. McCord signed the affidavit and, under Federal Rule of Civil Procedure 11, he is presumed to have read any document he has signed. While a pro se litigant will "benefit from various procedural protections not otherwise afforded to the attorney-represented litigant ... pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996) (citation omitted). Therefore, the district court did not err in finding that McCord necessarily knew his affidavit was false and therefore acted in bad faith. Because the district court properly found that McCord acted in bad faith. we cannot say that the court abused its discretion in dismissing his suit.
 
 
 11
 In urging reversal. McCord contends that his status report was inadequate due to his inexperience with the law and his misunderstanding of the judge's request. He further asserts that his delay in filing the report was not intentional but instead was due to his reliance on a clerk working in the prison law library. McCord suggests that because of this reliance on the clerk he was unaware of the contents of the report. However, this court has held that sanctions are appropriate even when there is no bad faith or willfulness. See Halas v. Consumer Servs., Inc., 16 F.3d 161, 164 (7th Cir.1994). The "simple failure to comply is enough, notwithstanding a complete lack of culpability" on McCord's part. Id. at 165.
 
 
 12
 McCord further argues that, if he was properly subject to sanctions, the district court abused its discretion in dismissing his case for a single innocent mistake. McCord contends that the district court should have given him a lighter sanction first and then dismissed the case if he still did not comply. However. "[a] district court judge is not required to impose progressive sanctions before a dismissal." Williams. 155 F.3d 853, 1998 WL 546977 at * 7 n. 5. See also Ball v. City of Chicago, 2 F.3d 752, 756-57 (7th Cir.1993) (collecting cases)
 
 
 13
 In the alternative, McCord relies on Fifth Circuit precedent in arguing that the district court was required to explain on the record why lesser sanctions would not suffice in this case. See Bann v. Ingram Micro, Inc., 108 F.3d 625, 627 (5th Cir.1997) (dismissal under Rule 16(f) is improper unless the court first finds that a lesser sanction will not serve the interests of justice). This circuit does not require a district judge to make such an evaluation of lesser sanctions. Newman v. Metropolitan Pier & Exposition Auth., 962 F.2d 589, 591 (7th Cir.1992).
 
 
 14
 Because the district court did not abuse its discretion in dismissing McCord's case pursuant to Federal Rule of Civil Procedure 16(f). we AFFIRM.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a): Cir. R. 34(f)