**Robert L. DE FALCO, Plaintiff–Appellant,**

v.

**OAK LAWN PUBLIC LIBRARY, Defendant–Appellee.**

No. 00–2649.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 20, 2001.

Rehearing Denied Jan. 23, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Robert De Falco, a part-time security guard, sued the Oak Lawn Public Library ("Library") and four library employees, al-leging sex discrimination in violation of Title VII of the Civil Rights Act of 1964. The district court dismissed De Falco's case under Federal Rules of Civil Procedure 37 and 41 because De Falco failed to comply with discovery and court orders. De Falco appeals, and we affirm.

In April 1999 De Falco initially filed his complaint *pro se.* The district court appointed counsel to represent him. The parties subsequently agreed upon an oral settlement, and the court dismissed De Falco's suit with leave to reinstate within 45 days. After several unsuccessful attempts to reduce the settlement to writing, particularly the release and confidentiality provisions, De Falco filed a timely motion to reinstate the case, vacate the dismissal order, and permit his lawyer to withdraw.

The district court held a hearing on De Falco's motions. In a ruling dated September 24, 1999, the court granted counsel's motion to withdraw.[1] The court noted that the circumstances surrounding the settlement negotiations had caused considerable animosity between De Falco and his lawyer and that forcing counsel to continue to represent De Falco would be untenable. According to the court, there were "irreconcilable differences" between De Falco and counsel concerning the settlement value of the case.

De Falco twice more filed motions for appointment of counsel, both of which were denied. On March 13, 2000, the Library served interrogatories and a request for production on De Falco. On April 3, the Library timely served its Rule 26(a)(1) disclosures on De Falco. Instead of responding to these requests, De Falco filed

---

1. De Falco's case was originally assigned to Judge Ann C. Williams, who granted De Falco's original motion for appointed counsel and presided over the settlement conference. Judge Williams also denied De Falco's first request for new counsel after his lawyer withdrew. After Judge Williams was appointed to the Court of Appeals, the case was reassigned to Judge Suzanne B. Conlon, who scheduled discovery deadlines and handled all of De Falco's subsequent motions.

a third motion on March 27, 2000, requesting appointed counsel, which the court denied on the ground that De Falco had not established that he could not afford to retain counsel. On April 18, 2000, De Falco filed a motion for an extension of time to comply with discovery, which the court also denied.

On May 2 the Library filed a motion to compel De Falco to respond to discovery. In a minute order granting the motion, the court specifically directed De Falco to attend his deposition (scheduled for May 9 and 10) and to respond to all outstanding discovery requests by May 12. De Falco filed separate motions to stay discovery on May 4, 5, and 8, respectively. On May 8 De Falco also filed a motion for reconsideration of his motion for appointed counsel.

Despite the court's unambiguous order, De Falco failed to show up for his deposition and respond to outstanding discovery requests. The Library accordingly moved to dismiss the action under both Rule 37 of the Federal Rules of Civil Procedure for refusal to comply with discovery orders and Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute. The court took the Library's motion to dismiss under advisement and gave De Falco until May 26 to respond. De Falco spurned this opportunity. Instead of responding as invited, he chose to file a motion to stay the Library's motion to dismiss.

The district court then issued a short minute order granting the Library's motion and dismissing De Falco's case with prejudice:

> Plaintiff has failed to comply with (1) FRCP 26(a)(1) [March 7, 2000 order]; the order of May 9, 2000 compelling compliance with discovery; and (3) to respond to the order to show cause why this action should not be dismissed under FRCP 37 and 41. The court finds that plaintiff's failure to comply with discovery and court orders is deliberate

and that his repetitive motions to stay show a pattern of delay and avoidance that has unreasonably caused defendant time and money and blocked its attempts to defend this lawsuit. This action is dismissed with prejudice.

■ On appeal De Falco takes issue generally with the district court's decision to dismiss his case with prejudice under Rules 37 and 41. Sanctions, however, are proper under Rule 37(b)(2) when a party fails to comply with discovery orders, and the district court finds willfulness, bad faith, or fault. We have frequently affirmed Rule 37 sanctions when there is a pattern of noncompliance with the district court's orders. *See, e.g., Ladien v. Astrachan,* 128 F.3d 1051, 1056 n. 5 (7th Cir. 1997); *Newman v. Metro., Pier & Exhibition Auth.,* 962 F.2d 589, 590–91 (7th Cir. 1992). The district court here noted that De Falco's "deliberate and repetitive" motions to stay showed a "pattern of delay and avoidance" that had proven time-consuming and costly for the defendants. We agree that this is a fair characterization of the record. De Falco did not miss only a single discovery deadline, and his refusal to attend his deposition flouted the district court's order and exemplified the delay and avoidance to which the court referred. The court gave De Falco numerous opportunities to comply with discovery requests and court orders. Even though De Falco has been representing himself throughout this litigation, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders" and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996). We conclude that the district court properly dismissed De Falco's case under Rule 37. We therefore have no occasion to consider the question whether the pattern of behavior De Falco

exhibited also warranted dismissal under Rule 41.

Before this court, De Falco has also renewed his argument that the court abused its discretion in declining to appoint him new counsel. We disagree. *See Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995). Although district courts may appoint counsel when appropriate, civil litigants do not have a right to court-appointed counsel. *Id.* In reviewing a court's refusal to appoint counsel, we take into account the litigant's attempts, if any, to secure counsel on his own, the complexity of his case, and the potential benefit to the court and the parties. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir.1997); *Zarnes,* 64 F.3d at 288.

The most important point to make here is that the district court's reason for refusing to appoint new counsel was De Falco's failure to show that he was financially unable to pay for his own lawyer. Unless the district court was mistaken, this is an unassailable ground for its decision. And De Falco cannot point to anything to suggest factual error on the district court's part. To the contrary, in his renewed motion for appointed counsel, De Falco informed the court that he had nearly $29,000 in savings and carried no significant debt. He expressed his belief that he would need to pay an attorney $80,000 or more to represent him and that his savings would not be enough to persuade an attorney to take his case. But though De Falco claimed to have contacted several attorneys who declined to represent him on a contingency basis, he did not represent to the court that he had informed these attorneys that he had the means to pay a substantial retainer. Moreover, De Falco appeared competent to represent himself

in this matter. Proceeding *pro se,* he has managed to file numerous motions to reconsider, motions to stay discovery, and motions to appoint counsel, all of which reflect that he has some understanding of the legal process. Add to these facts the considerable discretion that district courts enjoy in these matters, and it is clear that De Falco cannot prevail.

The judgment of the district court is AFFIRMED.