# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3436

HARRY L. MAYNARD,

*Plaintiff-Appellant,*

v.

KEITH NYGREN, **not individually but
as Sheriff of McHenry County, Illinois,**

*Defendant-Appellee.*

———————

**Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 98-CV-50193—Philip G. Reinhard**, *Judge.*

———————

SUBMITTED APRIL 14, 2004[*]—DECIDED JUNE 22, 2004

———————

Before BAUER, CUDAHY and COFFEY, *Circuit Judges.*

CUDAHY, *Circuit Judge.* This is a successive appeal. In 1998, Harry L. Maynard brought suit against his employer, Sheriff Keith Nygren, for an alleged violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213.

———————

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Learning of discovery violations shortly before trial, the district court granted the defendant Sheriff's motion to dismiss and assessed monetary sanctions (in the form of an award to the Sheriff of attorney's fees incurred in bringing the successful motion for dismissal and a $3,500 fine for the court's time) against Maynard and his counsel. In *Maynard v. Nygren*, 332 F.3d 462 (7th Cir. 2003) ("*Maynard I*"), we determined, as a matter of first impression, that "considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case." *Id.* at 468. Since the district judge had not specified whether his determination was based on the clear and convincing standard or a preponderance standard, we remanded for a reconsideration of the evidence in light of the standard we announced. *Id.* at 469. We asked the district court, on remand, to more fully articulate the rationale for not imposing a sanction short of dismissal. *Id.* at 469 n.4. We also reversed the sanctions levied against Maynard's counsel as unauthorized, given the circumstances.

On remand, the district court found by clear and convincing evidence that Maynard had "wilfully violated the court's discovery rules and that the appropriate sanction, after considering the potential alternatives, is dismissal of plaintiff's case with prejudice." (SA at 19.[1]) Maynard appeals both of these determinations and argues that the district judge should be recused from any further proceedings. Maynard does not appeal the district court's reaffirmation of the monetary sanctions previously imposed against him, *id.*, though he does argue that his failure to pay them prior to the remand hearing should not have been used by the district court as a rationale for dismissal of his suit. Because the district court did not err in finding (according

---

[1] References to the Short Appendix attached to Appellant's Brief will be designated by "SA at __."

to a clear and convincing evidence standard) that Maynard had willfully violated the court's discovery rules or that dismissal was appropriate, we affirm the dismissal of Maynard's suit.

## I.  WILLFULNESS

Although discovery sanctions, including dismissal, are reviewed for an abuse of discretion,we review the district court's factual findings for clear error. *Dotson v. Bravo*, 321 F.3d 663, 666-67 (7th Cir. 2003). Willfulness is, of course, a factual determination. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 817-18 (8th Cir. 2001). "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985).

The district court found that the evidence and testimony clearly and convincingly supported a finding that Maynard had picked up the April 4 letter from Dr. David Martinez's office. (SA at 36-37.) Although the document had also been copied by Dr. Martinez's office as part of its small file on Maynard and sent to Maynard's trial counsel's office, it was not turned over to opposing counsel by either Maynard or his counsel. (SA at 37.) The district judge reviewed in detail his factual and credibility findings concerning the evidence surrounding this document and concluded that Maynard was "untruthful when [he] said [he] neither requested or got the letter." (SA at 39.) The district judge found by clear and convincing evidence that Maynard had intentionally and willfully withheld the April 4 letter from opposing counsel. (SA at 39-40.)

Maynard is basically arguing that circumstantial evidence cannot be clear and convincing evidence. But this is not a motion for summary judgment, and the existence of "factual

disputes" given the circumstantial nature of the evidence does not prevent the district judge from validly finding by clear and convincing evidence that Maynard's discovery violation was willful. *Cf. United States v. Klausner*, 80 F.3d 55, 63 (2d Cir. 1996) ("Willfulness may be inferred from circumstantial evidence."); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984) ("[A] conviction may be sustained even when proof of willfulness is entirely circumstantial."). We have already noted in *Maynard I* that "the evidence does appear to support the Sheriff's positions and the district court's conclusions quite strongly," *Maynard I*, 332 F.3d at 469, and the inferences and credibility findings made by Judge Reinhard seem reasonable and are supported by the evidence he cites in the record. Thus, the district judge's finding by clear and convincing evidence that Maynard had willfully violated discovery rules was not clearly erroneous.

## II.  APPROPRIATENESS OF DISMISSAL

Discovery sanctions are reviewed for an abuse of discretion. *Maynard I*, 332 F.3d at 467. "Of all possible sanctions, dismissal is considered 'draconian,' and we must be 'vigilant' in our review." *Id.*, quoting *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992). The sanction of dismissal must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). Our review is not akin to a rubber stamp, *Dunphy v. McKee*, 134 F.3d 1297, 1300 (7th Cir. 1998), but "[w]e cannot understate the difficulty of the task litigants face when challenging a district court's choice of sanctions. They must convince us that the district court abused its discretion in sanctioning them—a burden which is met only when it is clear that no reasonable person would agree with the trial court's assessment of what sanctions

are appropriate." *Marrocco*, 966 F.2d at 223. An abuse of discretion is found where the decision of the trial court strikes us as "fundamentally wrong," *Anderson v. United Parcel Service*, 915 F.2d 313, 315 (7th Cir. 1990), or is "clearly unreasonable, arbitrary, or fanciful." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 551 (6th Cir. 1994).

Maynard challenges the district court's determination that dismissal of his suit was the only appropriate sanction given the circumstances. The district judge found that the defendant was prejudiced by the lateness of the disclosure and would be further prejudiced if required to defend "such a weak case." (SA at 49-50, 54-55.) Three factors apparently played into the district court's determination that a lesser sanction would not be appropriate: (1) Maynard's continued untruthfulness (SA at 47-48); (2) Maynard's failure to pay any portion of the monetary sanctions imposed against him (or even to offer to pay them on an installment plan) due to a claimed (but not well-supported) inability to pay, which operated to the defendant's prejudice if the lawsuit were allowed to continue (SA at 45-47, 50, 56-57); and (3) the evidentiary weakness of Maynard's case, which might not have survived summary judgment had he turned over the April 4 letter and which was further weakened by the discovery violation and his untruthfulness, together with the minimal damages he could claim (SA at 49, 52-54).

We find that all three of the above factors are valid reasons supporting the sanction of dismissal in this case. *See Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 694-95 (8th Cir. 2001), cited in *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003) (affirming district court's dismissal of suit as sanction for repeated discovery-related perjury); *Thomas v. GMAC*, 288 F.3d 305, 307 (7th Cir. 2002) (noting that dismissal with prejudice appropriate where "monetary sanction would probably be difficult to collect"); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), quoting

*Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1052 n.4 (9th Cir. 1971) ("[T]he harshness of a dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial. Since harshness is a key consideration in the district judge's exercise of discretion, it is appropriate that he consider the strength of a plaintiff's case . . . ."). Given the unlikelihood that Maynard would prevail at this point if allowed to go to trial, it would seem to be a waste of resources for all involved if we were to reverse the district court's decision to dismiss Maynard's suit as a sanction for his discovery violations.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*