Laura A. JENNINGS, Plaintiff–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Defendant–Appellee.

No. 04–1140.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 21, 2004.

Rehearing Denied Dec. 10, 2004.

Laura A. Jennings, Indianapolis, IN, pro se.

Erin R. Lewis, Office of the United States Attorney, Indianapolis, IN, for Defendant–Appellee.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. DANIEL A. MANION, Hon. TERENCE T. EVANS, and Hon. DIANE S. SYKES, Circuit Judges.

ORDER

Laura Jennings filed a pro se complaint for discrimination against Principi, the Secretary of Veterans Affairs after being dismissed from her job as a purchasing agent at the Veterans Administration. She alleged that Principi, among other things, discriminated against her on the basis of her gender and disability, and violated her rights under the Rehabilitation Act. After protracted discovery, during which Jennings repeatedly failed to comply with court orders, the district court dismissed her complaint. She appeals, and we affirm.

Throughout discovery, Jennings repeatedly sought extensions of time. Jennings suit alleged that her "position was changed" and she was fired before her 90–day probationary period expired, in violation of her rights. She also alleged that she experienced "reprisal during the filing of information forms." The district court set a discovery schedule but before the discovery deadline expired, on August 22, 2003, Jennings sought a thirty-day extension because her "mailbox was closed in error," by her post office. This first extension request was granted. Then on September 9, 2003, Jennings again requested a 30–day extension, claiming that "time off from work may result in the loss of job." This second extension request was also granted. Again, on September 24, 2003, Jennings requested another 30–

day extension, again stating that time off from work may result in termination. At this time, Principi filed a motion to compel Jennings's responses to outstanding discovery, including a first set of interrogatories and a request for production of documents, which Jennings received over a month earlier. This motion also included a request to compel Jennings to appear at her own deposition, which she failed to do on three prior occasions. The court granted Jennings's third extension motion, but did not rule on Principi's motion to compel discovery. Subsequently, Principi filed a motion to dismiss for failure to prosecute or in the alternative, a renewed motion to compel Jennings to respond to outstanding discovery. On October 29, 2003, Jennings filed a fourth motion requesting additional time to comply with discovery requests, this time claiming she "may not schedule any time off until January of 2003. Anytime off could result in my termination."

On December 4, 2003, the district court denied Jennings fourth extension motion, determining that "[a]dequate time has been allotted for discovery in this action." The district court dismissed Jennings's action without prejudice, concluding that Jennings has "failed and refused without justification to participate in the discovery process," and has shown "no discernible intent to comply with her obligations to participate in discovery or to comply with court orders with which she does not agree." The court permitted Jennings 15 days to seek reinstatement if she could show "that she has cured all delinquencies relative to written discovery," and that she supply "the court and counsel for the defendants with three ½ day periods during which her deposition could be taken before January 9, 2004." The court also ordered that if Jennings did not seek reinstatement and comply with the discovery process, then the dismissal would "ripen into a dismissal with prejudice without further action of the court." On December 19, 2003, Jennings moved to reopen her complaint, but on January 13, 2004, the court denied the motion, noting the "conspicuous absence" of the statement of discovery compliance.

On appeal Jennings generally argues that the district court erred by dismissing her case without adequately addressing her underlying discrimination claims. Without elaboration, she asserts that "[j]ustice was not served," and that she was "not provided equal treatment under the law."

We apply the abuse-of-discretion standard when reviewing a district court's decision to sanction a plaintiff by dismissing her case. *Maynard v. Nygren*, 372 F.3d 890, 892 (7th Cir.2004). Pro se litigants do not have a general license to disregard clearly communicated court orders. *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996). Dismissal is appropriate when a reasonable jurist, apprised of all the circumstances, decides that the sanction is proportionate to the infraction. *Maynard*, 372 F.3d at 893. But before issuing a dismissal, the district court must generally provide the plaintiff with "due warning." *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir.2000). We must affirm the court's dismissal, unless it is clear that "no reasonable person would agree with the trial court's assessment of what sanctions are appropriate." *Maynard*, 372 F.3d at 893.

The district court did not abuse its discretion in dismissing this case, because Jennings was given adequate opportunity to cure discovery delinquencies and was warned that failure to do so would result in dismissal, a reasonable punishment considering her infraction. The court's explanation in the December 4, 2003 dismissal without prejudice, adequately

warned Jennings that her case could become permanently dismissed, when it stated that failure to comply swiftly with discovery requirements would result in dismissal with prejudice. Jennings's failure to appear at her own deposition and her repeated requests for extensions, without effort to meet the discovery requirements, demonstrate a pattern of non-compliance and a disregard for the district court's need to manage its docket. In this case, the court's dismissal of Jennings's claim was a reasonable and appropriate sanction, issued after adequate warning.

Accordingly, the judgment of the district court is AFFIRMED.