**Karsten OLIVA, Plaintiff–Appellant,**

v.

**TRANS UNION, LLC and EFG Technologies, Defendants– Appellees.**

**No. 04–2740.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 15, 2005.

Rehearing Denied March 8, 2005.

Karsten Oliva, Kailua–Kona, HI, pro se.

Darrell J. Graham, Perkins Coie, Albert E. Hartmann, Piper Rudnick, Chicago, IL, for Defendant–Appellee.

Before Hon. POSNER, COFFEY, and WOOD, Circuit Judges.

ORDER

Karsten Oliva sued Trans Union, LLC, and EFG Technologies under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, alleging that the defendants inaccurately reported that he had an outstanding educational loan in the amount of $400. Eighteen months later the district court dismissed the case with prejudice because Oliva had not attended a deposition twice ordered by the court. Oliva appeals the dismissal, and we affirm.

In his January 2003 complaint Oliva alleged that he had never received any educational loans, and that Trans Union and EFG have improperly failed to take steps to remove the inaccurate information from his credit report. During a discovery conference with the court in September, EFG produced documents reflecting that Oliva had received a $1,300 disbursement from the University of California. EFG maintained that $400 of that amount was a Perkins loan. EFG also produced a canceled check bearing Oliva's endorsement, the authenticity of which Oliva disputed. The district court noted that Oliva's deposition was necessary to resolve whether he had received a loan and ordered that he produce documents bearing his genuine signature at the deposition for comparison with the endorsement on the check in question. A deposition was noticed but Oliva rescheduled it and never appeared. Oliva was represented by counsel until February 2004 when the court granted counsel's motion to withdraw.

After a status hearing in March 2004 that Oliva failed to attend, the district court ordered that Oliva's deposition be

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

taken no later than April 30 and warned that the case would likely be dismissed if Oliva refused to cooperate. Because Oliva resides in Hawaii, the court ordered that the deposition be conducted in Chicago or by telephone. Oliva was not deposed within the deadline and did not attend a telephone deposition scheduled for June 17. Instead he moved to quash the deposition, arguing that he had already provided "irrefutable proof" that he had never received the loan and that a deposition would only "unduly burden and harass" him. The court considered the motion at a status hearing in June, which Oliva did not attend, and dismissed the case against both defendants because of Oliva's refusal to sit for a deposition and otherwise comply with discovery.

On appeal Oliva essentially argues that the district court erred in dismissing his case because his deposition was not necessary given the "prima facie evidence that Plaintiff–Appellant is not the borrower of a Federal Perkins Loan." He also asserts that defendants' counsel used "deceptive tactics" in order to prevent the deposition from occurring.

We review the imposition of discovery sanctions, including dismissal, for abuse of discretion. *Maynard v. Nygren,* 372 F.3d 890, 892 (7th Cir.2004). Factual findings are reviewed for clear error. *Id.* A district court may impose sanctions, including dismissal, on a party who fails to comply with a court order "to provide or permit discovery." Fed.R.Civ.P. 37(b)(2); *Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 164 (7th Cir.1994). Dismissal is a harsh sanction, and we have stated that a district judge in considering dismissal must be "guided by the norm of proportionality." *Newman v. Metro. Pier & Exposition Auth.,* 962 F.2d 589, 591 (7th Cir.1992).

But "as soon as a pattern of noncompliance with the court's discovery orders emerges, the judge is entitled to act with a swift decision." *Id.*

The district court deemed Oliva's deposition central to the resolution of the case and warned Oliva that dismissal was likely if he did not cooperate. Oliva's response was to file a frivolous motion to quash and to skip the scheduled deposition before the court had ruled on the motion. The district court reasonably concluded that it was "clear he will continue to defy the orders of the Court." Oliva's argument that defense counsel used deceptive tactics to forestall the deposition is simply not plausible in light of his own attempt to quash the deposition and the district court's conclusion that he was intent on defying its orders. Given Oliva's resistance to an unequivocal directive of the court, *see Halas,* 16 F.3d at 164, we cannot say that the district court abused its discretion in dismissing the case.

AFFIRMED.