NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 8, 2009[*]
Decided October 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1172

| | |
|---|---|
| CHRIS J. JACOBS, III, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 06-C-0338 |
| MATTHEW FRANK and HSU | |
| PERSONNEL, | Rudolph T. Randa |
| *Defendants-Appellees*. | *Judge.* |

**O R D E R**

Chris Jacobs, a Wisconsin prisoner, brought this civil rights complaint against current and former employees of the Wisconsin Department of Corrections. The district court dismissed the action under FED. R. CIV. P. 37(b)(2)(a)(v) because Jacobs failed to comply with discovery orders. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(A)(2).

Jacobs alleged that defendants violated his Eighth Amendment rights by restricting his diet and denying him medical treatment.  In developing their defense, defendants sought access to Jacobs's medical records, which required his written consent.  *See* WIS. STAT. §§ 146.81, 51.30.  Defendants mailed Jacobs an authorization form with instructions to sign and return.  Although an accompanying letter warned him that noncompliance would lead to the filing of a motion to dismiss the action,  Jacobs did not respond.  Defendants later renewed their request, but Jacobs refused to sign the form unless the defendants agreed to make the "whole medical record/file part of the record in this case and copies to me."  A third request also went unheeded.

Finally, more than a year later, the district court instructed the defendants to send Jacobs an authorization form for the fourth and final time, warning Jacobs that his case would be dismissed if he did not sign and return the form within ten days.  Jacobs did not sign and return the form.  Instead he filed two motions—one to compel defendants to copy his medical records, and a second to have his medical records inspected in camera.  The district court found that Jacobs failed to comply with its explicit directions and dismissed the case under FED. R. CIV. P. 37(b)(2)(a)(v).

Jacobs's spartan appeals brief glosses over the court's Rule 37(b) dismissal, and urges instead that the district court improperly dismissed his case without regard for his indigent status.  He claims that the district court acted arbitrarily by requiring him to make his medical records available, but not ensuring that copies of these records would be available to him (he says he cannot afford the copying fees).  Jacobs cannot show, however, that the district court's Rule 37(b) dismissal was an abuse of discretion.  On four separate occasions, he refused to comply with clear discovery requests and disregarded court warnings about the consequences of noncompliance.  Those consequences were not contingent upon the defendants providing him with a copy of his medical records.  Having identified a pattern of discovery abuse, the court acted well within its discretion by dismissing the case to spare defendants further delay.  *See Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 910 (7th Cir. 2003).  Even pro se litigants must abide by procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Accordingly, we AFFIRM the district court's judgment.